IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| FODAY THOLLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-370 |
| | ) | |
| AAA PEDIATRICS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants Agyare, Carpio, Centifonti, Chance, Cordner, Crawford, Dobson, Elahi, Fontenot, Gonzalez Tirado, Gourlay, Huber, Hume, Kushner, Porcaro, Prince William County Police Department, Queen, Richards, Rostami, Schenck, Search, Sibley, Solenberger, Sullivan, Szalach, Villalobos Reyes, Walsh, and Williams' Motion to Dismiss for Failure to State a Claim and for Insufficient Service Process and Defendant AAA Pediatrics and Oscar F. Sugastti, M.D.'s Motion to Dismiss for Failure to State a Claim.

On February 28, 2024, Plaintiff Tholley entered the Defendant AAA Pediatrics' ("AAA") office to obtain medical records for his minor children while his wife and children waited outside in the car. Tholley was denied access to those records. This led to a heated argument; Tholley left the facility and walked to his car.

1

A witness inside AAA saw Tholley exit his vehicle with his right arm bent and what she believed to be a gun. She exclaimed that Tholley had a gun and multiple calls from inside AAA were made to 911. The police were told "more than 20 people [are] hiding" from a "male with a gun" who "has made threats with [a] pistol." Police officers responded to the scene, drew their weapons, ordered Tholley out of his vehicle, and ascertained if any crime had been committed. In the end, Tholley did not have a gun, and no one suffered any physical injury.

After the incident, Tholley filed suit against the Prince Willaim County Police Department, 27 police officers, AAA, and Dr. Sugastti. Tholley, proceeding *pro se* on behalf of himself and his minor children, brings claims for violations of the Fourth Amendment under 42 U.S.C. § 1983, assault and battery, various forms of negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation and false reporting, negligent training, hiring, and supervising, and for liability under the doctrine of *respondent superior*. All Defendants have since filed these Motions to Dismiss.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its

2

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007). But this does not relieve pro se litigants of the requirements under the Federal Rules of Civil Procedure. Rule 8(a)(2) still requires pro se plaintiffs to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, a court must freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). But there are reasons to deny leave to amend; relevant here, "district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." In re Traingle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021).

As an initial matter, pro se plaintiffs cannot bring claims on the behalf of their minor children. Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005). Thus, Tholley's claims on behalf of his minor children must be dismissed.

Next, the Court will turn to Tholley's claims against the police department and 27 police officers. These Defendants first

3

argue that there is improper service of process on both the department and the 27 officers. Fed. R. Civ. P. 4(j)(2)(A) provides that service on a local government may be effectuated by delivering a copy of the summons to the chief executive officer. Rule 4(j)(2)(B) also allows for service to be accomplished as otherwise provided by state law; Virginia Code Section 8.01-300 allows for service on the County Attorney. Here, service was improper as the US Marshalls served a singular officer, Amy Parish, who is not authorized to accept service on behalf of the department. Likewise, service on a coworker, Parish, is not proper service for suits against officers in their individual capacities. Fed. R. Civ. P. 4(e). Thus, service on the police department and the individual officers was improper.

When service is improper the Court may either dismiss the complaint or allow the plaintiff to attempt to re-serve. Plaintiff asks the Court to allow him to re-serve Defendants. But here, dismissal is proper because of the deficiencies in the complaint, as discussed below.

First, in Virginia, an operating division of a governmental entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued. McCabe v. Fairfax Cnty. Animal Shelter, 799 Fed. Appx. 205, 206 (4th Cir. 2020). Prince William County Police Department is a County agency within Prince William County government and lacks the capacity to be sued.

4

Thus, claims against the Prince William County Police Department fail.

Second, the claims against the officers in their official capacity fail because they make no allegation of an official policy or custom, which is necessary for a Section 1983 suit. See Jordan ex rel. Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994).

Third, in regards to the individual officers, the complaint does not make individualized allegations as required. See Ashcroft v. Iobal, 556 U.S. 662, 678 (2009). Instead, the complaint lists each officer who was present at the scene and makes generalized allegations. Thus, these claims fail too. Even if the allegations were individualized, the claims fail for the reasons stated below.

Fourth, the defamation claim fails because Plaintiff has made no allegation of any untrue statement published by the Police Department or individual officers. Hyland v. Raytheon Tech. Servs. Co., 277 Va. 40, 46 (2009).

Fifth, the Fourth Amendment claim fails. Under Terry v. Ohio, 392 U.S. 1 (1968), law enforcement officers may reasonably detain a person temporarily for investigative purposes when they have an objectively reasonable and particularized suspicion that the person has committed or is committing a crime. See United States v. Black, 525 F.3d 359, 364 (4th Cir. 2008). Additionally, once that person has been lawfully detained, officers may frisk him if they "reasonably suspect that the person is armed and therefore

dangerous." United States v. Robinson, 846 F.3d 694, 700 (4th Cir. 2017). In this case, officers received multiple 911 calls that there was an active shooter. The responding officers had objectively reasonable and particularized suspicion that the plaintiff committed or was committing a crime; they were allowed to detain him until the officers were able to determine if he had committed a crime. Plaintiff was detained only as long as it took the officers to determine he had not committed a crime. Thus, Plaintiff fails to state a claim for a Fourth Amendment violation.

Sixth, the assault and battery claims fail. In Virginia, when an officer has good faith and reasonable belief in the validity of an arrest, it is a defense to a claim of assault and battery. See DeChene v. Smallwood, 226 Va. 475, 479 (1984). Here, as stated above, officers acted with good faith and reasonable belief as they were responding to calls of an active shooter situation. Thus, the claims for assault and battery fail.

Seventh, Plaintiff's negligence claims fail because Plaintiff makes no allegation of a legal duty, which is required for simple or gross negligence.

Eighth, Plaintiff's intentional infliction of emotional distress claim fails. To adequately plead a claim of intentional infliction of emotional distress, Plaintiff must asset that: (1) "the wrongdoer's conduct is intentional or reckless"; (2) "the conduct is outrageous and intolerable"; (3) "the alleged wrongful

6

conduct and emotional distress are causally connected"; and (4) "the distress is severe." <u>Russo v. White</u>, 400 S.E.2d 160, 162 (Va. 1991). Officers responded to what they believed was an active shooter situation; then, detained the suspect (Plaintiff); this does not meet the high bar for outrageous and intolerable behavior.

Ninth, Plaintiff's claims for negligent infliction of emotional distress (NIED) fails. In Virginia, a NIED claim requires an allegation of physical harm. See <u>Delk v. Columbia/HCA Healthcare Corp.</u>, 259 Va. 125, 137 (2000). There is none here; thus, the claim fails.

Now, the Court will turn to Plaintiff's claims against AAA and Dr. Sugastti. He makes several. First, Plaintiff's claim for defamation and false reporting. Plaintiff alleges: "Defendants' malicious disregard for the truth caused a terrible injury to Plaintiff Foday's reputation and exposed him to great public shame, ridicule, and/or disgrace." As Plaintiff does not identify any specific statements made by the Defendants, his claim must fail. Further, Plaintiff's citation to Virginia Code § 18.2-461 for false reporting is misplaced as that is a criminal statute.

Second, Plaintiff's claims for intentional infliction of emotional distress. To adequately plead a claim for intentional infliction of emotional distress, Plaintiff must assert that (1) "the wrongdoer's conduct is intentional or reckless"; (2) "the conduct is outrageous and intolerable"; (3) "the alleged wrongful

conduct and emotional distress are causally connected"; and (4) "the distress is severe." Russo v. White, 400 S.E.2d 160, 162 (Va. 1991). Calling 911 after a bystander reports a man with a gun does not meet the high bar Virginia sets for outrageous and intolerable behavior. Thus, the claim fails.

Third, Plaintiff's claims for negligence fail because, among other reasons, he fails to identify a legal duty. Plaintiff alleges Defendants "have a duty to be truthful when communicating information with others and not to discriminate on the basis of race, religion and national origin." But no such general duty exists; thus, his claim must fail.

Fourth, Plaintiff's claims for negligent hiring, retention, training and supervising. To state a claim for negligent hiring in Virginia, a plaintiff must allege that "(1) the employee had a known propensity of being a danger to others in the past, (2) the employer knew or should have known through reasonable discovery about these acts, and (3) the employer hired an unfit employee and placed him in a situation where he could create an unreasonable risk of harm to others." Clements v. MCV Associated Physicians, 61 Va. Cir. 673, 676 (2002). The Virginia Supreme Court has determined that the unreasonable risk of harm element requires the threat of serious and significant physical injury. The tort of negligent retention is a distinct tort but similar to the tort of negligent hiring. Negligent retention imposes liability on an employer for

"harm resulting from the employer's negligence in retaining a dangerous employee who the employer knew or should have known was dangerous and likely to harm [others]." Southeast Appts. Mgmt., Inc. v. Jackman, 257 Va. 256, 260-61 (1999). Virginia law requires allegations of serious and significant physical injury for claims for negligent retention.

Here, plaintiff failed to allege physical injury or a threat of such injury, which is a necessary element of both negligent hiring and negligent retention. Further, Plaintiff did not plead facts to support his claims that defendants "knew or should have known of [AAA's employees'] unfitness prior and during the time they were actually hired and while they worked there." And claims based on negligent supervision or negligent training are not cognizable under Virginia law. See Chesapeake & Potomac Tel. Co. of Va. v. Dowdy, 235 Va. 55 (1988).

Finally, Plaintiff asks leave to amend his complaint against all Defendants. But "district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." In re Traingle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021). Here, leave to amend would be futile; there are no actionable claims. Plaintiff cannot sue the police department or its officers for responding to calls reporting an active shooter. And Plaintiff cannot sue a doctor's office or a

doctor for calling 911 when a bystander reports Plaintiff has a gun. No rewriting of the complaint will change that.

For the forgoing reasons, Defendants Agyare, Carpio, Centifonti, Chance, Cordner, Crawford, Dobson, Elahi, Fontenot, Gonzalez Tirado, Gourlay, Huber, Hume, Kushner, Porcaro, Prince William County Police Department, Queen, Richards, Rostami, Schenck, Search, Sibley, Solenberger, Sullivan, Szalach, Villalobos Reyes, Walsh, Williams' Motion to Dismiss for Failure to State a Claim and for Insufficient Service Process and Defendant AAA Pediatrics and Oscar F. Sugastti, M.D.'s Motion to Dismiss for Failure to State a Claim should be Granted; and this case should be Dismissed.

An appropriate Order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 2, 2025

10